IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 9, 2002

## STATE OF TENNESSEE v. CHRISTOPHER CAMPBELL

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-09491     Carolyn Wade Blackett, Judge**

---

**No. W2001-01916-CCA-R3-CD  - Filed April 22, 2002**

---

The Appellant, Christopher Campbell, appeals the sentencing decision of the Shelby County Criminal Court following his jury conviction for aggravated robbery. At sentencing, the trial court ordered that Campbell's eight-year sentence in this case be served consecutively to three prior convictions for aggravated robbery. On appeal, Campbell argues that the trial court erred in ordering consecutive sentences. Because the trial court failed to recite any reasons for imposing consecutive sentences as required by Rule 32, Tennessee Rules of Criminal Procedure, we are unable to perform appellate review of the sentencing issue. Accordingly, the case is remanded for determination of consecutive sentencing as provided by Rule 32.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Remanded for Determination of Consecutive Sentencing.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and JAMES CURWOOD WITT, JR., JJ., joined.

AC Wharton, Jr., Shelby County Public Defender; W. Mark Ward, Assistant Shelby County Public Defender, Memphis, Tennessee, for the Appellant, Christopher Campbell.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Glen Baity, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

The Appellant was convicted by a jury of aggravated robbery by forcibly taking at gunpoint Air Jordan tennis shoes from a thirteen-year-old victim. During the robbery, the minor victim sustained bruising to his face and body. This offense occurred on March 3, 1998, and the Appellant was subsequently indicted in July of 1998. The Appellant's jury trial was concluded on January 12, 2001, and approximately seven months later, the Appellant was sentenced to eight years confinement

to be served consecutively to three prior convictions for aggravated robbery. The pre-sentence report reflects that in February of 2000, the Appellant pled guilty to three counts of aggravated robbery stemming from offenses committed on July 11, 1999, and September 11, 1999. The July 11, 1999, offenses involved the Appellant robbing two persons at gunpoint of eight hundred dollars and two hundred dollars, respectively. The September 11, 1999, offense involved the Appellant taking a person's vehicle at gunpoint.

It is obvious from the dates of the three prior aggravated robbery convictions that they were committed subsequent to the commission and the indictment of the offense currently on appeal. Thus, it must be assumed that these offenses were committed while the Appellant was on some form of release status or had escaped confinement. However, no mention of this fact was ever made by the trial judge or the State at sentencing. If, indeed, the Appellant committed the three aggravated robberies while on bail for the aggravated robbery in the present case, then, under the mandatory consecutively sentencing provisions of Rule 32(c)(3), the Appellant must serve his eight-year sentence consecutive to the effective sixteen-year sentence he was already serving. *See State v. Blanton*, 926 S.W.2d 953, 961 (Tenn. Crim. App. 1996) (holding that the order of convictions is irrelevant as the sentences are consecutive in either case). At sentencing the State sought consecutive sentencing based solely upon their assertion that the Appellant was a dangerous offender. Tenn. Code Ann. § 40-35-115(4). Following the conclusion of the sentencing hearing, the trial judge recited no reasons for her ruling but circled "yes" on a sentencing form document beside the statements: (1) [t]he Defendant is a professional criminal who has knowingly devoted himself to criminal acts as a major source of livelihood; and (2) [t]he Defendant is an offender whose record of criminal activity is extensive.[1] Rule 32(c)(2), Tennessee Rules of Criminal Procedure, expressly provides in pertinent part: "[t]he judgment to make the sentences consecutive or concurrent shall explicitly recite the judge's reasons therefor, and is reviewable on appeal." The circling of "yes" or "no" on a sentencing form does not satisfy the mandatory requirements of Rule 32.

## CONCLUSION

In view of the foregoing deficiencies, this case is remanded for a sentencing determination supported by findings of fact with regard to imposition of permissive consecutive sentences as provided by Tennessee Rules of Criminal Procedure 32(c)(2), or mandatory consecutive sentences as provided by Tennessee Rules of Criminal Procedure 32(c)(3).

 

 

 

_____
DAVID G. HAYES, JUDGE

---

[1]The trial court's entire pronouncement with regard to consecutive sentences is as follows: "[t]he Court is going to sentence you to do eight years consecutive to the other sentences that you have, at thirty percent."